

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 2, 1969

Honorable Joe B. Roberts
Chairman, Texas Industrial
   Accident Board
State Insurance Building
Austin, Texas 78701

Opinion No. M-527

Re: Whether, in light of Senate
Bill 580, Acts of the 61st
Legislature, Regular Session,
1969, a county which is not
a subscriber to some form of
workmen's compensation in-
surance has waived its common
law defenses to a suit for
injury or death of a county
employee.

Dear Mr. Roberts:

     Your recent request for the opinion of this office
is concerned with Senate Bill 580, as passed during the regular
session of the 61st Legislature, 1969, which amends Section 6
of Article 8309c, Vernon's Civil Statutes. Particularly, you
ask whether a county which is <u>not</u> a subscriber to some form
of workmen's compensation insurance has waived its common law
defenses to a suit brought against the county to recover for
the injury or death of one of its employees. Your request
points out that amending Section 6 of Article 8309c, V.C.S.,
to include Section 4 of Article 8306, V.C.S., has given rise
to this inquiry, and you have directed attention to the case
of <u>Boswell v. City of Sweetwater</u>, 341 S.W.2d 664 (Tex.Civ.App.
1961, error ref.) in this regard.

     Senate Bill 580 reads, in part:

     ". . .

     "Sec. 6. Adoption of General Workmen's
Compensation Laws.

     "(a) The following laws as amended or as
they may hereafter be amended are adopted <u>except
to the extent that they are inconsistent with
this Act</u>:

"(1) Sections 1, 3, 3a, 3b, <u>4</u>, . . . of Article 8306, Revised Civil Statutes of Texas, 1925, as amended;

". . ." (Emphasis added.)

Section 4 of Article 8306, V.C.S., reads:

"Sec. 4. Employes whose employers are not at the time of the injury subscribers to said association, and the representatives and beneficiaries of deceased employes who at the time of the injury were working for nonsubscribing employers can not participate in the benefits of said insurance association, but they shall be entitled to bring suit and may recover judgment against such employers, or any of them, for all damages, sustained by reason of any personal injury received in the course of employment or by reason of death resulting from such injury, and the provisions of section 1 of this law shall be applied in all such actions."

Section 1 of Article 8306, V.C.S., to which Section 4 refers, reads:

"Section 1. In an action to recover damages for personal injuries sustained by an employe in the course of his employment, or for death resulting from personal injury so sustained, it shall not be a defense:

"1. That the employe was guilty of contributory negligence.

"2. That the injury was caused by the negligtence of a fellow employe.

"3. That the employe had assumed the risk of the injury incident to his employment; but such employer may defend in such action on the ground that the injury was caused by the willful intention of the employe to bring about the injury, or was so caused while the employe was in a state of intoxication.

"4. In all such actions against an employer

who is not a subscriber, as defined hereafter in this law, it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment."

In light of the foregoing, it would appear that counties which are not subscribers to some form of workmen's compensation insurance shall be denied the protection of their common law defenses when suit has been brought against the county for the injury or death of a county employee. However, Section 3 of Article 8309c, reads, in part:

"Sec. 3. The county is hereby authorized to either be self-insuring or that it purchase workmen's compensation insurance for its employees from any company authorized to do business in Texas, and is charged with the administration of this Act. It is expressly understood that the provision authorizing counties to provide such compensation or insurance is permissive and not mandatory; provided, however, that in any county of this state, the Commissioners Court on its own motion may call an election for the purpose of determining whether the county shall adopt the provisions of this Act. If a majority of the qualified voters at such an election votes for the adoption of the provisions of this Act, the provisions of this Act shall thereafter be applicable to such county, and in such event it shall be mandatory that such county be either self-insuring or that it purchase workmen's compensation insurance for its employees from any company authorized to do business in Texas, and is charged with the administration of this Act.

"The Commissioners Court may by proper order put into effect the provisions of this Act. The Commissioners Court of the county shall notify the Board of the effective date of such insurance, stating in such notice the nature of the work performed by the employee of the county, the approximate number of employees, and the estimated amount of payroll." (Emphasis added.)

Section 3 of Article 8309c prescribes the manner in

which Article 8309c shall be put into effect in a county. Section 3 is expressly, by its terms, permissive, not mandatory. Therefore, until Article 8309c is put into effect in a county by one of the means outlined in Section 3 thereof, none of the provisions of Article 8309c apply to said county, including the amended Section 6 of Article 8309c, which does away with the common law defenses.

It should be noted that this conclusion disagrees with certain statements which appear in the case of Boswell v. City of Sweetwater, supra. However, it is the opinion of this office that such statements in said case are dictum, as they deal with a situation which was not before the court for argument or decision, and, therefore, this office does not consider such statements as controlling on the issue.

It is the opinion of this office that Senate Bill 580, which amends Section 6 of Article 8309c, does not eliminate the common law defenses of a county which has not taken the steps necessary to put Article 8309c into effect in such county.

## S U M M A R Y

Section 6 of Article 8309c, V.C.S., as amended, does not act to abolish the common law defenses of a county until Article 8309c becomes effective in such county. Article 8309c does not become effective in a county until such time as such actions as are indicated in Section 3 thereof are taken.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Corbusier
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Houghton Brownlee
Wardlow Lane
Roger Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant